IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CIVIL ACTION NO. 2:23-CV-00068-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ex rel. [UNDER SEAL] ) | |
| ) | **COMPLAINT** |
| Plaintiffs-Relators, ) | **(Jury Trial Demanded)** |
| ) | |
| v. ) | |
| ) | |
| [UNDER SEAL], ) | |
| ) | |
| Defendants. ) | |

**FILED IN CAMERA AND UNDER SEAL
PURSUANT TO 31 U.S.C. § 3730(b)(2)**

**(Exempt from ECF)**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CIVIL ACTION NO. 2:23-CV-00068-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| *ex rel.* ROBERT MATTHEWS, ) | |
| MATTHEW BATEMAN, TRACY ) | |
| BOWSER, JEFFERSON BROUGHTON, ) | |
| GREGORY BROWN, CHRIS CHAPPELL, ) | **COMPLAINT** |
| RONALD CLARK, JR., WILLIS ) | |
| DANCHISE, ROY FELTON, WELTON ) | **FILED *IN CAMERA* AND** |
| FEREBEE, SR., JAMIE GODFREY, ) | **UNDER SEAL PURSUANT** |
| DENNIS HUNTER, LAWRENCE ) | **TO 31 U.S.C. § 3730(b)(2)** |
| JACKSON, III, JEFFEREY JOHNSON, ) | |
| EDWARD JORDAN, JR., CATHY ) | **JURY TRIAL DEMANDED** |
| HARRELL LOWRY, JOHN PARRISH, JR., ) | |
| DAVID PERRY, JOHN PIERCE, GARY ) | |
| SPELLMAN, TAMA SPELLMAN, JAMIE ) | |
| SUTTON, TIMOTHY WARDEN, GERRI ) | |
| WHITE, MARCUS WHITE, and THOMAS ) | |
| WIGGINS. ) | |
| ) | |
| Plaintiffs-Relators, ) | |
| ) | |
| v. ) | |
| ) | |
| GUEST SERVICES, INCORPORATED, ) | |
| GERALD T. GABRYS, NICO FORIS, and ) | |
| ELIZABETH ROGERS, ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

1. This action is brought pursuant to the Federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. The FCA provides that any person who knowingly submits a false or fraudulent claim to the United States Government for payment or approval is liable for a civil penalty of not less than $5,500 and not more than $11,000 for each false claim, plus three times the amount of damages sustained by the Government for each claim. *See id.* § 3729(a); 28 C.F.R. § 85.3.

2. Guest Services, Incorporated (hereinafter "GSI" or "Guest Services") is a hospitality management organization offering services such as staffing, equipment, supplies, and other forms of operations support. The United States Government has awarded federal contracts to GSI for years to provide these services.

3. Defendants Gerald T. Gabrys, Nico Foris, and Elizabeth Rogers were, at all relevant times, officers and/or employees of GSI with knowledge and control over the relevant actions taken as described herein.

4. As is more fully set forth below, Defendants knowingly submitted, caused to be submitted, or facilitated the submission of false or falsified records for payment to the United States Government in violation of the FCA. Specifically, Defendants engaged in a scheme to defraud the United States by falsely certifying compliance with federal laws in order to obtain Federal Government contracts.

5. Plaintiffs bring this claim to recover damages and civil penalties on behalf of the United States of America arising from false statements and false claims made by Defendants in connection with the award of Government contracts. Defendants acted to defraud the United States of America in violation of the FCA, 31 U.S.C. §§ 3729-32.

## PARTIES

6. Relator Robert Matthews is a citizen of the United States and the State of Florida residing in Jacksonville Beach, Florida. Relator Matthews worked at Guest Services for two (2) decades prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Hertford, Perquimans County, North Carolina.

7. Relator Matthew Bateman is a citizen of the United States and the State of North Carolina residing in Elizabeth City, North Carolina. Relator Bateman worked for Guest Services as a Supervisor for eighteen (18) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Pasquotank County, North Carolina.

8. Relator Tracy Bowser is a citizen of the United States and the State of North Carolina residing in Edenton, North Carolina. Relator Bowser worked for Guest Services for eighteen (18) years before her retirement in or about October 2021. Throughout her employment with Defendant Guest Services, she resided in Chowan County, North Carolina.

9. Relator Jefferson Broughton is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Broughton worked for Guest Services in the Public Works department for thirty-seven (37) years prior to his retirement in or about August 2021. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

10. Relator Gregory Brown is a citizen of the United States and the State of North Carolina residing in Elizabeth City, North Carolina. Relator Brown worked for Guest Services as a Telecommunications Technician for seventeen (17) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Pasquotank County, North Carolina.

11. Relator Chris Chappell is a citizen of the United States and the State of North Carolina residing in Tyner, North Carolina. Relator Chappell worked for Guest Services as a Lead Mechanic for twenty-two (22) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Chowan County, North Carolina.

12. Relator Ronald Clark, Jr., is a citizen of the United States and the State of North Carolina residing in Southport, North Carolina. Relator Clark worked for Guest Services in the Computer Support department for sixteen (16) years until his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Eizabeth City, Pasquotank County, North Carolina.

13. Relator Willis Danchise is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Danchise worked at Guest Services in the Warehouse department for thirty-nine (39) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

14. Relator Roy Felton is a citizen of the United States and the State of North Carolina residing in Elizabeth City, North Carolina. Relator Felton worked for Guest Services as a Welder for sixteen (16) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Pasquotank County, North Carolina.

15. Relator Welton Ferebee, Sr., is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Ferebee worked at Guest Services for twenty-one (21) years as a Heavy Equipment Operator until his retirement in or about November 2021. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

16. Relator Jamie Godfrey is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Godfrey worked for Guest Services in the Public Works department for eleven (11) years prior to their retirement in October 2021. Throughout their employment with Defendant Guest Services, Relator Godfrey resided in Perquimans County, North Carolina.

17. Relator Dennis Hunter is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Hunter worked for Guest Services in the Housekeeping/Public Works department for twenty-two (22) years before his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

18. Relator Lawrence Jackson, III is a citizen of the United States and the State of North Carolina residing in Elizabeth City, North Carolina. Relator Jackson worked at Guest Services as a Heavy Equipment Operator for eleven (11) years until his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Pasquotank County, North Carolina.

19. Relator Jefferey Johnson is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Johnson worked at Guest Services for sixteen (16) years as a Security Officer/Range Coordinator. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

20. Relator Edward Jordan, Jr., is a citizen of the United States and the State of North Carolina residing in Edenton, North Carolina. Relator Jordan worked for Guest Services as a Range Coordinator for sixteen (16) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Chowan County, North

6

Case 2:23-cv-00068-D-KS    Document 1    Filed 12/28/23    Page 6 of 18

Carolina.

21. Cathy Harrell Lowry is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Lowry's now deceased former husband, Fleetwood Linwood "Buddy" Harrell, worked for Guest Services as a Security Supervisor for thirty-seven (37) years until his death in July 2018. Relator Lowry resided in Chowan County, North Carolina while her former husband worked for Defendant Guest Services.

22. Relator John Parrish, Jr., is a citizen of the United States and the State of North Carolina residing in Edenton, North Carolina. Relator Parrish worked for Guest Services as a Security Technician for twenty-five (25) years prior to his retirement in or about September 2021. Throughout his employment with Defendant Guest Services, he resided in Chowan County, North Carolina.

23. Relator David Perry is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Perry worked for Guest Services as a Pest Control Operator for thirty-four (34) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

24. Relator John Pierce is a citizen of the United States and the State of North Carolina residing in Edenton, North Carolina. Relator Pierce worked for Guest Services as a Range Coordinator for seventeen (17) years prior to his retirement in or about November 2021. Throughout his employment with Defendant Guest Services, he resided in Chowan County, North Carolina.

25. Relator Gary Spellman is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Spellman worked for Guest Services in the General Maintenance department for thirteen (13) years prior to his retirement in or about October

2021. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

26. Relator Tama Spellman is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Spellman worked at Guest Services as a Security Escort for sixteen (16) years prior to her retirement in or about October 2021. Throughout her employment with Defendant Guest Services, she resided in Perquimans County, North Carolina.

27. Relator Jamie Sutton is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Sutton worked at Guest Services as a Motor Pool Vehicle Coordinator for sixteen (16) years prior to her retirement in or about September 2021. Throughout her employment with Defendant Guest Services, she resided in Perquimans County, North Carolina.

28. Relator Timothy Warden is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator Warden worked for Guest Services as a Carpenter for twenty-one (21) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Perquimans County, North Carolina.

29. Relator Gerri White is a citizen of the United States and the State of North Carolina residing in Hertford, North Carolina. Relator White worked for Guest Services as an Administrative Clerk for seventeen (17) years prior to her retirement in or about October 2021. Throughout her employment with Defendant Guest Services, she resided in Perquimans County, North Carolina.

30. Relator Marcus White is a citizen of the United States and the State of North Carolina residing in Edenton, North Carolina. Relator White worked for Guest Services as a Cook

8

Case 2:23-cv-00068-D-KS    Document 1    Filed 12/28/23    Page 8 of 18

for eighteen (18) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Chowan County, North Carolina.

31. Relator Thomas Wiggins is a citizen of the United States and the State of North Carolina residing in Hobbsville, North Carolina. Relator Wiggins worked for Guest Services as a Grounds Keeper Supervisor for nineteen (19) years prior to his retirement in or about October 2021. Throughout his employment with Defendant Guest Services, he resided in Gates County, North Carolina.

32. Upon information and belief, Defendant Guest Services is a limited liability company incorporated in the District of Columbia in 1947. GSI is one of the longest-running contractors for the United States Government and provides hospitality management and business support services. GSI and its subsidiaries employ several thousand individuals at more than 250 facilities across the United States. Upon information and belief, GSI maintains its headquarters or principal place of business in Fairfax, Virginia.

33. Upon information and belief, Defendant Gerald T. Gabrys is the former Chief Executive Officer of Defendant Guest Services, Incorporated. At all times relevant to this action, Defendant Gabrys was the Chief Executive Officer of Defendant Guest Services, Incorporated. Defendant Gabrys is a citizen of the State of Virginia, and he resides in Annandale, Virginia.

34. Upon information and belief Nico Foris is the Chief Executive Officer of Defendant Guest Services, Incorporated. At all times relevant to this action, Defendant Foris was the Chief Operating Officer of Defendant Guest Services, Incorporated. Defendant Foris is a citizen of the State of Virginia, and he resides in McLean, Virginia.

35. Upon information and belief, Elizabeth ("Beth") Rogers is and was at all relevant times the Divisional Director, Corporate of GSI and is the liaison between GSI and the Federal

Government. Defendant Rogers is a citizen of the State of Virginia, and she resides in Herndon, Virginia.

## JURISDICTION/VENUE

36. This action arises under the laws of the United States of America and is brought to redress violations of the FCA, 31 U.S.C. § 3729 *et seq*. Defendant does business in the District of North Carolina, located in the United States. Many of the acts proscribed by 31 U.S.C. § 3729 and described in this qui tam complaint occurred in the District of North Carolina.

37. Subject-matter jurisdiction over this qui tam action is conferred by 28 U.S.C. §§ 1331 and 1345; and 31 USC §§ 31 U.S.C. 3732(a) and 3730(b). Relators are an "original source" and otherwise authorized to maintain this action in the name of the United States and as contemplated by the FCA, 31 U.S.C. §§ 3729-33.

38. There has been no public disclosure of the "allegations or transactions" in this Complaint as contemplated by Section 3730(c) of the Federal FCA. The specific facts, circumstances, and allegations of the Defendants' violations of the Federal FCA have not been publicly disclosed in a civil suit or administrative civil money penalty proceeding in which the Government is already a party. Relators, moreover, would qualify as an "original source" of the allegations in this qui tam complaint under 31 U.S.C. § 3730(c) of the Federal FCA.

39. Relators shall concurrently serve a copy of this Complaint upon the United States. Relators have provided the United States with a written disclosure statement, setting forth and enclosing all material evidence and information they possess, pursuant to the requirements of 31 U.S.C. § 3730(b)(2).

40. The Court has personal jurisdiction over Defendant because 31 U.S.C. § 3732(a) authorizes nationwide service of process, and because Defendant has minimum contacts with the

10

Case 2:23-cv-00068-D-KS   Document 1   Filed 12/28/23   Page 10 of 18

United States, and can be found in, transacts in, or has transacted, business in the District of North Carolina.

41. Venue lies under 28 U.S.C. §1391(b), (c) and 31 U.S.C. § 3732(a) because the Eastern District of North Carolina is a district in which Defendant can be found or transacts business, and a substantial part of the events giving rise to Relators' claim under 31 U.S.C. § 3729 occurred within this district.

42. The Northern Division of the Eastern District of North Carolina is the proper division because Defendant can be found or transact business, and an act proscribed by 31 U.S.C. § 3729 occurred within this division.

## FACTS

43. Relators all dedicated over a decade—and in some cases several decades—of their professional lives to working for and promoting the values of Guest Services, Incorporated. Relators all worked for Defendant Guest Services, Incorporated at the Harvey Point facility in Hertford, North Carolina.

44. Defendant Guest Services, Incorporated is a contractor for the United States Government providing hospitality management and business support services. Defendant Guest Services, Incorporated and its subsidiaries employ several thousand individuals at more than 250 facilities across the United States, including in North Carolina.

45. As employees of a government contractor, Relators' pay and benefits were affected by several mandatory policies and procedures governed by federal law, namely the McNamara-O'Hara Service Contract Act ("SCA"), 41 U.S.C. §§ 351 *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the North Carolina Wage and Hour Act

("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq.*

46. The subject matter of this Complaint centers primarily around two issues involving Relators' pay and benefits that violated ERISA and the SCA: (1) the Terminal Leave Policy and Deferred Pay (violations of ERISA and other laws); and (2) Defendants' failure to pay the required Fringe Benefits under the SCA.

47. Under the Terminal Leave Policy, Defendants represented to Relators that they would be entitled to a payout on their last day of employment equal to two (2) days of pay for each year they worked there.

48. Several employees who retired prior to 2019 received payment under the Terminal Leave Policy as described.

49. For years, Defendants deducted a certain sum of money from Relators paychecks claiming it was for the purpose of paying out the Terminal Leave Policy.

50. In 2019, Defendants arbitrarily amended the Policy and imposed new eligibility criteria, which substantially reduced the amount of money it would have to pay out to employees and resulted in a majority of Relators (who previously paid into the fund) being deemed ineligible.

51. To date, Relators still have not received their promised wages under the Terminal Leave Policy.

52. Under the Deferred Pay policy, Defendants deducted money from all or some of Relators' paychecks under the title of "Deferred Pay."

53. Relator Robert Matthews repeatedly reached out to GSI's Human Resources department to seek clarity about what the deductions were for, why money was being taken out of his checks, and where the money was going.

12

Case 2:23-cv-00068-D-KS    Document 1    Filed 12/28/23    Page 12 of 18

54. Defendants never provided Mr. Matthews with a definitive answer, and it remains unclear where this money went, however Relators were entitled to this money.

55. Both the Terminal Leave and the Deferred Pay deducted from Relators paychecks without their consent are plans governed by ERISA and subject to reporting, notice, and other statutory requirements.

56. Defendants violated ERISA in numerous ways including, among other things, by failing to provide plan information (via summary plan description) on an annual basis, failing to furnish a copy of the plan description upon Realtors' requests, representing to employees that they could not opt out of the policies, and unilaterally modifying the policy at its discretion.

57. To the extent that the money was withheld under the Terminal Leave Policy and Deferred Pay pursuant to some plan to pay out at the end of employment, Defendants have not accounted for or explained how and where the deducted amounts were kept.

58. To the extent that Defendants actions under the Terminal Leave Policy and Deferred Pay did not violate ERISA (and it did), the deductions violate several other laws, including the FLSA and NCWHA, among others.

59. The SCA requires contractors and subcontractors to pay service employees certain wage rates and fringe benefits prevailing in the locality.

60. The annual fringe benefit rate is published for all government contractors by the United States Department of Labor each year.

61. Under the SCA, employers may pay employees their fringe benefits in cash instead of furnishing the required fringe benefits. However, the employer must pay their employees on their regular payday an additional cash amount per hour that is equivalent to the cost of the fringe benefits required.

62. For decades, Defendants failed to keep up with the required fringe benefit rates (i.e., Relators did not receive the full amount of the federally mandated fringe benefits or the equivalent cash benefit), which resulted in Relators being grossly underpaid and caused them to lose out on substantial monies.

63. Upon information and belief, as a precondition to receiving contracts from the United States Government, Defendants were required to represent that it was complying with all applicable laws, rules, and regulations.

64. Upon information and belief, in order to win the bid and receive the contract from the United States Government, Defendants falsely represented and certified that they were complying with these laws.

65. Defendants violated numerous Federal and State laws for years, including the SCA, ERISA, and/or the FLSA and NCWHA, among others.

66. Upon information and belief, Defendants knowingly submitted, caused to be submitted, or facilitated the submission of false or falsified records for payment to the United States Government.

67. Upon information and belief, Defendants falsely certified that they were complying with Federal and State law, including its requirement under the SCA to pay mandated fringe benefits or the cash equivalent.

68. The Government incurred a substantial loss as a direct and proximate cause of Defendant's fraud, which was material to the Government's payment for services.

69. Defendant's certification that it was complying with all laws as a precondition for receiving federal contracts violated the Federal FCA, 31 U.S.C. §§ 3729 *et seq*.

## FOR A FIRST CAUSE OF ACTION:
## FCA VIOLATIONS OF 31 U.S.C. § 3729(a)(1)(A) & (B)

70. Relators re-allege and incorporate each of the preceding allegations as if set forth verbatim here.

71. At all times relevant to this action, Defendants were legally obligated to make truthful statements and provide truthful representations in bidding for contracts from the United States Government.

72. Instead, Defendants violated federal law and the terms and conditions for participation in federal contracting by:

   a. Unlawfully deducting money from Relators' paychecks pursuant to the Terminal Leave Policy under the guise of a retirement plan that did not comport with ERISA's requirements;

   b. Unlawfully and arbitrarily amending the Terminal Leave Policy in 2019 resulting in the denial of payment to Relators, including the amounts that were deducted from their paychecks;

   c. Deducting money from Relators' paychecks pursuant to the Deferred Pay policy without their consent and without providing any information as to where this money went;

   d. Failing to pay Relators the appropriate federally mandated fringe benefits or the equivalent cash benefit as required by the SCA; and

   e. In other such ways as discovered during the litigation of this action.

73. At all times relevant herein, Defendants were required to take corrective action upon discovering that they received payments for services not provided or provided in derogation of Defendants' obligations under federal law.

74. Upon information and belief, Defendants knowingly, willfully, and falsely certified compliance with Federal Law when they submitted claims for payment that violated federal contracting guidelines as a predicate for reimbursement in the manner described above.

75. These violations and others that may be discovered are material to Defendants' participation as contractors for the United States Government such that Defendants' fraudulent certification of compliance with federal law renders these certifications legally and factually false for the purposes of the FCA.

76. Defendants knowingly and willfully presented these claims or caused the presentment of these claims to obtain payment from the United States Government.

77. Defendants' conduct violates 31 U.S.C. § 3729(a)(1)(A) & (B).

## FOR A SECOND CAUSE OF ACTION:
## FCA VIOLATIONS OF 31 U.S.C. § 3729(a)(1)(C)
## (AGAINST ALL DEFENDANTS)

78. Relators re-allege and incorporate each of the preceding allegations as if set forth verbatim here.

79. Defendants agreed and conspired to carry out the acts necessary to submit and cause the submission of false and fraudulent claims in violation of 31 U.S.C. § 3729(a)(1)(A), (B) to perpetrate the schemes described here to defraud the United States Government.

80. Specifically, Defendants Gabrys, Foris, and Rogers, were all aware that Guest Services was violating several federal and state laws by failing to pay their employees in accordance with those laws.

81. Upon information and belief, each of the individual Defendants knowingly caused or was instrumental in causing the false certifications to be made through a concerted effort to defraud the Government.

82. Nevertheless, upon information and belief, Defendants Gabrys, Foris, Rogers, individually and on behalf of Guest Services conspired to win contracts from the United States Government with certifications claiming that the company was in compliance with state and federal laws.

83. Defendants' conduct violates 31 U.S.C. § 3729(a)(1)(C).

## PRAYER

**WHEREFORE,** Relators on behalf of themselves and the United States pray:

a. Defendants cease and desist from violating federal law, including the FCA;

b. The Court enter judgment against Defendants, for:

i. An amount equal to three times the damages that the United States has sustained because of Defendants' conduct, plus civil penalties of at least $5,500 to $11,000, adjusted upward as specified by applicable law, for each FCA violation of 31 U.S.C. § 3729;

ii. Awarding Relators the appropriate bounty pursuant to 31 U.S.C. § 3730; and

iii. Awarding Relators' attorney fees and costs, plus interest, including the costs to the United States for its expenses related to this action; and

iv. Defendants disgorge all sums by which they have been unjustly enriched by its illegal conduct;

iv. The United States and Relators receive all relief, both at law and at equity, to which they may reasonably be entitled; and

v. That the Court order such further relief as it deems just and proper.

## JURY DEMAND

Relators hereby demand a trial by jury on all claims so triable.

This the 28th day of December, 2023.

Respectfully submitted by:

*Victoria Kepes* /wp/

Victoria T. Kepes (N.C. Bar No. 47856)
**The Noble Law Firm, PLLC**
141 Providence Road, Suite 210 Chapel Hill, North Carolina 27514
Telephone: (919) 251-6008
Fax: (919) 869-2079
Email: vkepes@thenoblelaw.com
*Attorneys for Plaintiffs-Relators*

*Bryan Tyson* /wp/

Bryan L. Tyson (N.C. Bar No. 32182)
**Marcellino & Tyson, PLLC**
2200 East 7th Street, Suite 100
Charlotte, NC 28204
Telephone: (704) 919-1519
Fax: (980) 219-7025
Email: bryan@yourncattorney.com
*Attorneys for Plaintiffs-Relators*